# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GISELE MILLER,**

    Plaintiff,

                                                          Civil Action 2:19-cv-3969
                                                          Judge Sarah D. Morrison
    v.                                           Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Gisele Miller, who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for period of disability and disability insurance benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Complaint (ECF No. 3) and Statement of Errors (ECF No. 9), the Commissioner's Memorandum in Opposition (ECF No. 10), and the administrative record (ECF No. 7). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's decision.

## I. BACKGROUND

Plaintiff filed her application for disability insurance on October 10, 2016, alleging an onset date of August 24, 2014. Plaintiff's date last insured ("DLI") was December 31, 2015. Plaintiff's application was denied initially on January 10, 2017, and upon reconsideration on April

26, 2017. Plaintiff sought a review before an administrative law judge.

Administrative Law Judge Nathan Brown (the "ALJ") held a hearing on September 28, 2018, at which Plaintiff appeared and testified. (R. at 56-93.) Patricia McFann, a vocational expert (the "VE"), also appeared and testified at the hearing. The ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act on December 18, 2018. (R. at 44-52.) The Appeals Council affirmed the ALJ's decision on July 31, 2019. Plaintiff then timely filed this action on September 10, 2019. (ECF No. 1.)

In her Statement of Errors (ECF No. 9), Plaintiff represents that her problems started in August 2013 after she hurt her back while attempting to lift a heavy object. Plaintiff then details her history of surgeries, including a surgery in February 2015 to remove a cyst and then three additional surgeries that occurred *after* her December 31, 2015 DLI: an August 2016 surgery to repair a compression fracture, a June 2017 surgery to repair a bulging disc, and a January 2019 surgery to remove a cyst. Plaintiff then sets forth the limitations she attributes to her pain, which she describes as "constant." (*Id*. at PAGEID # 868.) Specifically, Plaintiff states that she can only function a few hours before needing to lay down, that she can only walk for three minutes at a time, that she can only sit for one hour at a time, and that the "aching overwhelms and exhast[s] [her] and [her] brain [such that she] cannot function to do normal activities." (*Id*.)

## II. THE ADMINISTRATIVE DECISION

The ALJ found that Plaintiff had not been under a disability within the meaning of the Social Security Act since August 24, 2014, the alleged disability onset date. At step one of the

sequential evaluation process,[1] the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015. (R. at 44.) The ALJ therefore noted that his review of the evidence would "focus primarily" on the period between August 24, 2014, and December 31, 2015, that is the period between Plaintiff's alleged onset date and her DLI. (*Id.*) The ALJ explained in his decision that Plaintiff must establish disability on or before her DLI in order to be entitled to a period of disability and disability insurance benefits.

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 24, 2014, her alleged onset date through December 31, 2015, her DLI. (R. at 46.) At step two of the analysis, the ALJ found that Plaintiff had the following severe impairments: chronic anterior wedge deformity of the T12 vertebral body and compression fracture and mass at T2-T3/Schwannaoma. (R. at 47.) The ALJ next found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. See 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 48.)

At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could only frequently reach overhead bilaterally. She could climb ramps and stairs frequently; never climb ladders, ropes, or scaffolds. She could occasionally balance. She could frequently stoop, kneel, and crouch; but never crawl. She would work at unprotected heights occasionally with moving mechanical parts occasionally and in vibration occasionally. She could operate motor vehicle occasionally.

(R. at 48.) In assessing Plaintiff's RFC, the ALJ discussed the record evidence and Plaintiff's testimony and ultimately concluded that Plaintiff's allegations were not credible. (R. at 49-51.)

Relying on VE's testimony, the ALJ determined that Plaintiff was able to return to her past relevant work as an accounts payable clerk and business manager. (R. at 51-52.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act.

## III. THE STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)) *cert. denied sub nom. Paper, Allied-Indus., Chem.& Energy Workers Int'l Union v. TNS, Inc.*, 537 U.S. 1106 (2003). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## IV.     ANALYSIS

In view of Plaintiff's arguments that she is extremely limited due to the "constant pain" she experiences, (Pl.'s Statement of Errors, ECF No. 9 at PAGEID # 868), the undersigned concludes that Plaintiff's Statement of Errors is best characterized as challenging the ALJ's assessment of the credibility of her testimony concerning the limitations she attributes to pain. The undersigned finds that the ALJ did not err in his evaluation of Plaintiff's testimony.

For decisions rendered on or after March 28, 2016, the ALJ will evaluate a claimant's statements concerning the intensity, persistence, and limiting effects of symptoms of an alleged disability under SSR 16-3p. SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). SSR 16-3p superseded SSR 96-7p, 1996 WL 374186 (July 2, 1996), which required the ALJ to evaluate the overall credibility of a plaintiff's statements. In contrast, SSR 16-3p requires the ALJ to evaluate the *consistency* of a plaintiff's statements, without reaching the question of overall *credibility*, or character for truthfulness. *See id.* at *11 ("In evaluating an individual's

5

symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person."). Although SSR 16-3p supersedes SSR 96-7p, "according to the very language of SSR 16-3p, its purpose is to 'clarify' the rules concerning subjective symptom evaluation and not to substantially *change* them." *Brothers v. Berryhill*, No. 5:16-cv-01942, 2017 WL 2912535, at *10 (N.D. Ohio June 22, 2017). The rules were clarified primarily to account for the difference between a credibility determination, which necessarily impacts the entirety of a claimant's subjective testimony, and a consistency determination, which applies only to specific statements regarding symptoms. *See* SSR 16-3p at *2. It follows, therefore, that the procedures for reviewing an ALJ's credibility assessment under SSR 16-3p are substantially the same as the procedures under SSR 96-7p. Accordingly, the undersigned concludes that existing case law controls to the extent it is consistent with the clarification of the rules embodied in SSR 16-3p's clarification.

The Sixth Circuit has provided the following guidance in considering an ALJ's credibility assessment:

> Where the symptoms and not the underlying condition form the basis of the disability claim, a two-part analysis is used in evaluating complaints of disabling pain. 20 C.F.R. § 416.929(a); *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001); *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994). First, the ALJ will ask whether the there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 416.929(a). Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id.*

*Rogers*, 486 F.3d at 247.

The ALJ's credibility determination "with respect to [a claimant's] subjective complaints of pain" is generally given deference. *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009) (quoting *Siterlet v. Sec'y of Health & Hum. Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)). Despite this deference, "an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters*, 127 F.3d at 531. Furthermore, the ALJ's decision on credibility must be "based on a consideration of the entire record." *Rogers*, 486 F.3d at 247 (internal quotation omitted). An ALJ's explanation of his or her credibility decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248; *see also Mason v. Comm'r of Soc. Sec. Admin.*, No. 1:06–CV–1566, 2012 WL 669930, at *10 (N.D. Ohio Feb. 29, 2012) ("While the ALJ's credibility findings 'must be sufficiently specific', *Rogers*, 486 F.3d at 248, the intent behind this standard is to ensure meaningful appellate review."). In addition, the Regulations list a variety of factors an ALJ must consider in evaluating the severity of symptoms, including a claimant's daily activities; the effectiveness of medication; and treatment other than medication. 20 C.F.R. § 404.1529(c)(3); SSR 16–3p; *but see Ewing v. Astrue*, No. 1:10–cv–1792, 2011 WL 3843692, at *9 (N.D. Ohio Aug. 12, 2011), *adopted*, 2011 WL 3843703 (suggesting that although an ALJ is required to consider such factors, he or she is not required to discuss every factor within the written decision).

Here, the ALJ considered Plaintiff's testimony that she experiences back pain and nerve damage, that she "feels drained," that she "gets stabbing pain in her chest and back when she bends and moves," as well as her testimony that she could walk only for five minutes before feeling pain and that she holds onto a cart while shopping. (R. at 49.) The ALJ then thoroughly discussed the

7

record evidence and concluded that it did not support Plaintiff's subjective complaints. The undersigned concludes that the ALJ's analysis supplies substantial evidence supporting his credibility finding and properly considers the requisite factors in evaluating Plaintiff's subjective statements.

Specifically, the ALJ reasonably discounted Plaintiff's allegations on the grounds that the objective evidence did not support her subjective complaints. *See* 20 C.F.R. § 404.1529(c)(2) (objective medical findings are useful in assessing the intensity and persistence of a claimant's symptoms); SSR 16-3P ("A report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors we must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms."); *Moruzzi v. Comm'r of Soc. Sec.*, 759 F. App'x 396, 404 (6th Cir. 2018) (affirming ALJ's decision to discount plaintiff's subjective complaints regarding the severity of pain from her physical impairments in part due to lack of confirming objective evidence); *see also Isaacs v. Comm'r of Soc. Sec.*, No. 1:12-CV-591, 2013 WL 4067812, at *15 (S.D. Ohio Aug. 12, 2013), *report and recommendation adopted*, 2013 WL 4833670 (S.D. Ohio Sept. 10, 2013) (citing *Jones v. Sec'y, Health and Human Servs.*, 945 F.2d 1365, 1369–1370 (6th Cir.1991)) (reliable objective evidence of pain includes medical evidence of muscle atrophy, reduced joint motion, muscle spasm and sensory and motor disruption). In particular, the ALJ pointed out that the neurologist who Plaintiff saw after her injury noted that she was slowly improving and that by April 2014, Plaintiff reported feeling 90% better from her compression fracture. (R. at 49-50, 51.) The ALJ further considered that in December 2014 and January 2015, Plaintiff had a normal physical examinations with her primary care provider. (R. at 50.)

In addition, the ALJ reasonably discounted Plaintiff's allegations based on her failure to follow recommended treatment. *See Richendollar v. Colvin*, No. 1:13-cv-495, 2014 WL 4910477, at *5 (S.D. Ohio Aug. 7, 2014) ("A claimant's failure to follow treatment can indicate that he is not as disabled as alleged." (citing *Mullen v. Bowen*, 800 F.2d 535, 547 (6th Cir. 1986))). In particular, the ALJ noted that although Plaintiff was referred to physical therapy after reporting with some discomfort and pain in November 2015, she was discharged in December 2015 because she failed to return after the initial appointment. (R. at 50.)

The ALJ also reasonably considered Plaintiff's own testimony that her brain was fine and that she was able to do office work, as well as the activities she endorsed, which the ALJ concluded were inconsistent with her alleged disabling symptoms and limitations. *See* 20 C.F.R. § 404.1529(c)(3); (R. at 51.)

Finally, the undersigned notes that much of Plaintiff's Statement of Errors is dedicated to discussing surgeries that occurred well after her December 31, 2015 DLI, including one such surgery occurring more than three years post-DLI. To be eligible for disability insurance benefits, Plaintiff must become disabled *during* the period of alleged disability, here between her August 24, 2014 onset date and her December 31, 2015 DLI. *See* 42 U.S.C. § 423(a), (c), (d); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *Renfro v. Barnhart*, 30 F. App'x 431, 435 (6th Cir. 2002) ("If a claimant is no longer insured for disability benefits at the time she files her application, she is entitled to disability insurance benefits only if she was disabled before the date she was last insured."). Thus, "[e]vidence of disability obtained after the expiration of insured status is generally of little probative value," *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004), and is relevant only to the extent that it "relate[s] back to the claimant's condition prior

to the expiration of her date last insured," *Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003). Here, the ALJ considered post-DLI evidence, including diagnostic testing and Plaintiff's 2016 compression fraction surgery, (R. at 50), appropriately acknowledging that his consideration of this evidence was "limited to placing [Plaintiff's] symptoms and limitations into context," (R. at 44).

In summary, the undersigned finds that the ALJ properly evaluated Plaintiff's allegations regarding her symptoms and that substantial evidence supports the ALJ's credibility assessment. Although substantial evidence may also support an alternative finding, the ALJ's findings were within the ALJ's permissible "zone of choice," and the Court will not re-weigh the evidence. *See Blakley*, 581 F.3d at 406. Accordingly, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED**.

## V. DISPOSITION

For the reasons set forth above, from a review of the record as a whole, the undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VI. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE